IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOHN DOE,

                Plaintiff,      Civil Action No.
                                    5:15-CV-0322 (TJM/DEP)

      v.

CORNELL UNIVERSITY,

                Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

NESENOFF & MILTENBERG, LLP    ANDREW T. MILTENBERG, ESQ.
363 Seventh Avenue, Fifth Floor     KIMBERLY C. LAU, ESQ.
New York, NY 10001

FOR DEFENDANT:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

### ORDER

      The plaintiff in this action, who is represented by counsel, has

moved *ex parte* prior to service and an appearance by defendant Cornell

University ("Cornell") for leave to proceed in the action anonymously under

the pseudonym "John Doe." Generally, plaintiff's complaint challenges a

disciplinary proceeding commenced to investigate a claim by a fellow student at Cornell that plaintiff sexually assaulted her. In support of his motion to proceed anonymously in this action, plaintiff alleges that, if his identity becomes known, he is likely to experience acts of reprisal that could affect his career and future endeavors. For the reasons set forth below, I conclude that plaintiff has not satisfied the stringent requirements for proceeding in this action anonymously, and therefore direct that he file an amended complaint identifying him by name.

I.    BACKGROUND

Plaintiff commenced this action on March 19, 2015. Dkt. No. 1. In his complaint, plaintiff challenges a disciplinary proceeding conducted by defendant Cornell based upon a claim by an unidentified female student ("complainant") that claimed she was sexually assaulted by the plaintiff on December 14, 2013, while she was incapacitated as a result of her consumption of large quantities of alcohol. *See generally id.* At the conclusion of defendant Cornell's investigation, a report was issued finding that sexual activity had occurred between plaintiff and the complainant on the date in question, at a time when plaintiff was physically and mentally incapacitated by alcohol consumption to a point where she could not consent to the activity. *Id.* at 2. Based on that finding, defendant Cornell

sanctioned plaintiff by initially expelling him, but, upon reconsideration, modified the sanction to include withholding his diploma for two years, provided that he met certain enumerated conditions. *Id.*

Plaintiff claims that the investigation conducted by defendant Cornell was flawed, arbitrary and capricious, and discriminatory based upon his gender.[1] Dkt. No. 1 at 3. Plaintiff's complaint was accompanied by a motion, filed *ex parte*, for permission to proceed in the action using the pseudonym "John Doe." Dkt. No. 2. The application is supported by a declaration from one of plaintiff's attorneys, Kimberly C. Lau, Esq., in which she contends that, because plaintiff's career prospects and economic future have already been severely damaged, he should be permitted to proceed anonymously in the action. *See generally* Dkt. No. 2-2.

## II.   DISCUSSION

Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purposes of facilitating public scrutiny of judicial proceedings and therefore cannot

---

[1]   Plaintiff's complaint asserts a variety of federal and pendent state law claims arising out of the incident and ensuing investigation. Dkt. No. 1 at 36-50.

be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). The courts, including the Second Circuit, have created a limited number of exceptions to this rule when private interests outweigh the public's right of access to court proceedings. *Sealed Plaintiff*, 537 F.3d at 189; *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001). As one court has noted, however,

> [t]he privilege of suing . . . under a fictitious name should not be granted automatically even if the opposing party does not object. The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts . . . . [S]uch situations are rare, and the fact that a case involves a . . . situation which the plaintiff finds embarrassing, without more, are not sufficient reasons for allowing the use of a fictitious name.

*Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129 (E.D. Wis. 1999) (quotation marks omitted).

A request to file anonymously is a matter addressed to the sound discretion of the court. *See Sealed Plaintiff*, 537 F.3d at 190. In this circuit, the exercise of that discretion is informed by a balancing of the following non-exhaustive list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to

> proceed anonymously] or . . . to innocent non-
> parties; (3) whether identification presents other
> harms and the likely severity of those harms . . . ;
> (4) whether the plaintiff is particularly vulnerable to
> the possible harms of disclosure; (5) whether the
> suit is challenging the actions of the government or
> that of private parties; (6) whether the defendant is
> prejudiced by allowing the plaintiff to press his
> claims anonymously, whether the nature of that
> prejudice (if any) differs at any particular stage of
> the litigation, and whether any prejudice can be
> mitigated by the district court; (7) whether the
> plaintiff's identity has thus far been kept
> confidential; (8) whether the public's interest in the
> litigation is furthered by requiring the plaintiff to
> disclose his identity; (9) whether, because of the
> purely legal nature of the issues presented or
> otherwise, there is an atypically weak public
> interest in knowing the litigants' identities; and (10)
> whether there are any alternative mechanisms for
> protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (internal quotations and citations

omitted); *see also Doe v. University of Connecticut*, No. 3:09CV1071,

2013 WL 4504299, at *26-27 (D. Conn. Aug. 22, 2013).

In this case, these ten factors weigh against granting plaintiff's

motion. Although the litigation involves accusations against the plaintiff

that are sensitive and personal in nature, plaintiff has not identified any

real or specific risk of harm, including any risk of retaliation, that he will

experience if his identity is revealed. *See generally* Dkt. No. 2. He

contends that, as a result of defendant Cornell's investigation and resulting

sanction, his "career prospects and economic future have been severely damaged," but fails to explain how the disclosure of his identity in this action will perpetuate any further harm. Dkt. No. 2-2 at 3. Based on plaintiff's application, and specifically plaintiff's contention that he has lost five job offers, it appears his identity in connection with the underlying matter is already, at least to some degree, publicly known. *Id.* Moreover, I note that, although plaintiff's memorandum of law submitted in support of his application suggests that alternative methods exist for protecting his identity, he has neglected to include those alternatives for the court's consideration. *See* Dkt. No. 2-1 at 9 ("Plaintiff and his attorneys are prepared to address measures to protect the confidentiality of [plaintiff] should the Court require disclosure to the public at a later stage in the proceedings."). Finally, I do not find that plaintiff's privacy interests outweigh the public's interest in full disclosure of these judicial proceedings. Plaintiff has voluntarily opted to commence this litigation and air his grievances in a quintessentially public forum. By doing so, presumably he believes his case to be meritorious. In the event plaintiff prevails, his reputation will be cleared while defendant Cornell's unlawful conduct remains public. In the interests of facilitating public scrutiny of judicial proceedings, and of basic fairness, I find plaintiff should be

required to proceed in this action using his true identity. *See Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether [he] has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. It is the exceptional case in which a plaintiff may proceed under a fictitious name." (quotation marks, footnote, citation omitted)); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) ("Fairness requires that [the plaintiff] be prepared to stand behind her charges publicly.").

III.   SUMMARY AND RECOMMENDATION

Having carefully considered the controlling factors and the competing relevant interests, I conclude that plaintiff has not established a basis to invoke the limited right of a plaintiff to proceed in an action anonymously. Accordingly, it is hereby

ORDERED as follows:

(1)    Plaintiff's motion for leave to proceed in this action anonymously, under the pseudonym "John Doe" (Dkt. No. 2) is DENIED.

(2)    Within thirty days of the date of this order, plaintiff shall file with the court an amended complaint revealing his identity and substituting his name for that of John Doe as the plaintiff in this action.

(3)     In the event that an amended complaint is not filed by the plaintiff within thirty days, I will recommend to the assigned district judge that this action be dismissed.

(4)     The clerk is respectfully directed to forward copies of this order to plaintiff's counsel by electronic means.

David E. Peebles
U.S. Magistrate Judge

Dated:     March 25, 2015
           Syracuse, New York